ARTHUR B. CHAPIN *vs.* THOMAS KELLY.

Suffolk. March 20, 1907. — June 19, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Insane Person.*

In an action by the treasurer and receiver general of the Commonwealth under R. L. c. 87, § 78, to recover from an insane person not having a known settlement in this Commonwealth the charges for his support, if it appears that the guardian of the defendant holds for him a deposit of $890 in a savings bank, that the claim of the Commonwealth amounts to $876 and that there are other claims against him, this warrants a finding that the defendant is " of sufficient ability " within the meaning of the statute. Following *Chapin* v. *McCurdy*, *ante*, 63.

CONTRACT by the treasurer and receiver general of the Commonwealth under R. L. c. 87, § 78, to recover the charges for the support of the defendant at the State Asylum for Insane

Criminals at Bridgewater from January 1, 1900, to January 1, 1906, amounting to $876.40. Writ dated April 11, 1906.

In the Superior Court the case was submitted to *Hitchcock*, J., upon an agreed statement of facts as follows:

On August 24, 1889, the defendant was committed to the House of Correction in Boston for a term of six months, for the crime of assault and battery. Thereafter, on January 14, 1890, while still an inmate of the House of Correction in accordance with the terms of the commitment, he was found to be insane and was committed to the State Lunatic Hospital in Danvers. Thereafter, on October 21, 1890, he was transferred from the lunatic hospital to the State Farm at Bridgewater, where he has been cared for and supported in that portion of the State Farm known as the State Asylum for Insane Criminals, from October 21, 1890, up to the present time; and the charges for his support during that period have been paid quarterly by the Commonwealth. At the time of his commitment to the State Lunatic Hospital, and ever since, he was and has been an insane person not having a known settlement in this Commonwealth. He was born in Ireland and never has been naturalized in this State. Since January 1, 1900, the charges for the support of each inmate in the Asylum for Insane Criminals have been $2.80 a week.

Before the bringing of this action Patrick D. Walsh was appointed guardian of the defendant by the Probate Court for the county of Suffolk and has in his hands as such guardian cash belonging to the defendant and deposited with the Institution for Savings in Roxbury and its Vicinity to the amount of $890.56. On February 15, 1906, a demand was made upon Mr. Walsh, as guardian of the defendant, for the payment of the amount claimed to be due in this action, which payment Mr. Walsh, acting as such guardian, refused to make.

The only claims now outstanding against the defendant or his estate in the hands of his guardian are the claim of his guardian for compensation as such and of counsel employed by the guardian for the purpose of conducting this case and two other claims amounting to $51, of which one claim for $50 is for medical examination of the defendant to ascertain his mental condition and arose after the bringing of this action.

The defendant has no known kindred in the line or degree of father or grandfather, mother or grandmother, children or grandchildren by consanguinity living in this Commonwealth. He is suffering from dementia and there is no probability that he will recover his sanity, but at present he is harmless and if he had an attendant could be allowed his liberty.

It further was agreed that the court might draw such inferences as are warranted from the facts above set forth.

Upon the foregoing agreed statement of facts, the judge found that the defendant was not of sufficient ability under the statute. Judgment was entered for the defendant; and the plaintiff appealed.

*D. Malone*, Attorney General, *& J. F. Curtis*, Assistant Attorney General, for the plaintiff.

*P. D. Walsh*, for the defendant.

MORTON, J. The only question in this case is whether at the time the action was brought the defendant was " of sufficient ability " within the meaning of those words as used in the statute. R. L. c. 87, § 78. He or rather his guardian had $890 on deposit in the savings bank. The claim of the Commonwealth amounted to $876, and there were some other claims. We are of opinion that upon the agreed facts the defendant was " of sufficient ability " within the meaning of the statute, and that there should be judgment for the plaintiff. Any other conclusion would, we think, be inconsistent with the purpose of the statute and would tend to preserve the estate for the benefit of the next of kin, rather than to require the guardian to expend it, as he is bound to do, for the benefit of his ward. See *Chapin v. McCurdy, ante*, 63.

*Judgment for the plaintiff.*